**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier MORENO–MENDOZA, Defendant–Appellant.**

**No. 13–50541.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 23, 2014.*

Filed Oct. 1, 2014.

Nicholas William Pilchak, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vicki Marolt Buchanan, Esquire, Sonoma, CA, for Defendant–Appellant.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Javier Moreno–Mendoza appeals from the district court's judgment and challenges the 24–month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Moreno–Mendoza contends that the district court abused its discretion by failing

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to depart or vary downward from the advisory Guidelines range on the basis of his cultural assimilation. Our review of this claim is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Vasquez–Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012). The district court did not abuse its discretion in imposing Moreno–Mendoza's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence at the low end of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Moreno–Mendoza's extensive immigration history. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.